IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT L. SCOTT,

        Plaintiff,

vs.                                Cause No. 1:07-cv-00830 WJ-RLP

McGUIRE INDUSTRIES, INC.,

        Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), counsel for the parties have conferred and provide the following as their proposed Joint Status Report and Provisional Discovery Plan in the above matter:

**James P. Lyle, Esquire** for Plaintiff

**Denis Dennis** for Defendant

## NATURE OF THE CASE

This matter arises from claims brought by Plaintiff against Defendant for failure to compensate the Plaintiff for his unpaid overtime wages constituting a violation of 29 U.S.C. §201-219.  Plaintiff claims that Defendant wrongfully classified him as an exempt employee and refused to pay to him overtime wages owed.  Defendant denies Plaintiff's claims.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:    None at this time.

Plaintiff should be allowed until **February 18, 2008** to amend the pleadings and until **February 18, 2008** to join additional parties.

Defendant intends to file:    None at this time.

Defendant should be allowed until **February 18, 2008** to amend the pleadings and until **February 18, 2008** to join additional parties.

*Version 2: December 2006*

**STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to those facts which have been stipulated to within the Defendant's answer to Plaintiff's Complaint.

The parties further stipulate and agree that the law governing this case is:  29 U.S.C. §§201-219 ("The Fair Labor Standards Act").

**PLAINTIFF'S CONTENTIONS:**

Plaintiff began working for the Defendant in June, 2003.  During his employment Plaintiff provided miscellaneous oilfield safety services for the Defendant.  Plaintiff contends that the Defendant wrongfully classified him as an exempt employee and refused to compensate him for overtime hours worked by him on behalf of the Defendant.  Plaintiff contends that between September, 2005 and September, 2006, he worked 864 hours of overtime.  Plaintiff states that he would have been entitled to payment for the overtime hours at a rate of $34.19 per hour.   Plaintiff states that the failure of Defendant to compensate him for his unpaid overtime constitutes a violation of 29 U.S.C. §§201-219 under the Fair Labor Standards Act.

**DEFENDANT'S CONTENTIONS**

Plaintiff applied to work with Defendant in June, 2003.  Plaintiff worked as a supervisor supervising Safety Operations, Safety Supervision, and Inspector.  Plaintiff also performed Sales work.  Plaintiff was compensated on a salary basis plus an hourly basis for work he was charging directly a customer.  Plaintiffs sales work consisted of the sales of services as a Safety Inspector and

Supervisor. Plaintiff was hired to independently perform his job as well as supervise others. Plaintiff was correctly classified as an exempt employee pursuant to his administrative and sales positions. Defendant denies that plaintiff is entitled to any payment for overtime hours or that Defendant failed to compensate Plaintiff for unpaid overtime in violation of 29 U.S.C. §§201-219 of the Fair Labor Standards Act.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

### PLAINTIFF'S ANTICIPATED WITNESSES:

1. Mr. Richard Scott
   P.O. Box 1752
   Bloomfield, NM 87413

Plaintiff is anticipated to testify concerning his employment with the Defendant, the job responsibilities he held while employed, the wages he received for the work performed, his calculations of hours work and unpaid overtime owed and other related matters.

2. Leroy Winters (Or Other Representative)
   McGuire Industries, Inc.
   4403 Lomas
   Farmington, NM 87401

Mr. Winters is anticipated to testify concerning the Plaintiff's employment with McGuire Industries and provide information contained within company documents and payroll concerning wages paid to Plaintiff and their basis for non-payment of overtime wages, as well as other related matters.

3. Dennis Tomashewsky
   c/o James P. Lyle, Esquire
   1116 Second Street, N.W.
   Albuquerque, NM  87102
   (505) 843-8000

   Physical Address:   39 County Road 5415
                       Bloomfield, NM 87413

Mr. Tomashewsky was also employed by the Defendant and concurrently has filed charges against the Defendant for non-payment of overtime wages. Mr. Tomashewsky is expected to testify concerning his knowledge of the Defendant's practices in denying employees overtime pay for time worked, as well as other matters related thereto.

4. Ronnie V. Johnson
   Address Unknown At This Time

Mr. Johnson was/is an employee of McGuire Industries, Inc. It is anticipated he will be called to testify concerning his knowledge as to Plaintiff claims, job responsibilities and other related matters.

5. Any Witnesses Identified By Defendant

6. Any Additional Witnesses Identified Through the Discovery Process

7. Rebuttal Witnesses As May Be Necessary

**PLAINTIFF'S ANTICIPATED EXHIBITS:**

1. Plaintiff's Payroll Records

2. Plaintiff's "Statement of Wage Claim" filed with the New Mexico Department Of Labor

3. Various business cards of individuals employed with McGuire Industries, Inc.

4. Plaintiff's Personnel File

5. Any documents identified through the discovery process

6. Any documents identified by Defendant McGuire Industries

**PLAINTIFF'S EXPERTS:**

No determinations have been made at this time as to experts who may be called to testify on Plaintiff's behalf in this matter.

**DEFENDANT'S ANTICIPATED WITNESSES:**

1. Mr. Richard Scott
   P.O. Box 1752
   Bloomfield, NM 87413

Plaintiff is anticipated to testify concerning his employment with the Defendant, the job responsibilities he held while employed, the wages he received for the work performed, his calculations of hours work and unpaid overtime owed and other related matters.

2.  Leroy Winters (Or Other Representative)
    McGuire Industries, Inc.
    4403 Lomas
    Farmington, NM 87401

Mr. Winters is anticipated to testify concerning the Plaintiff's employment with McGuire Industries, Inc. and provide information regarding the Plaintiff's job responsibilities, duties and pay scales as well as other related matters.

3.  Weldon McGuire
    McGuire Industries, Inc.
    2416 West 42nd Street
    Odessa, Texas 79764-6309

Mr. McGuire is anticipated to testify concerning the Plaintiff's employment with McGuire Industries, Inc. and provide information regarding the Plaintiff's job responsibilities, duties and pay scales as well as other related matters.

4.  Any Witnesses Identified By Defendant

5.  Any Additional Witnesses Identified Through the Discovery Process

6.  Rebuttal Witnesses As May Be Necessary

### DEFENDANT'S ANTICIPATED EXHIBITS:

1.  Plaintiff's Payroll Records

2.  Rig up reports

3.  Plaintiff's personnel file including related documents

4.  Plaintiff's expense reports

5.  Any documents identified through the discovery process

6.  Any documents identified by Plaintiff

### DEFENDANT'S EXPERTS:

No determinations have been made at this time as to experts who may be called to testify on Defendant's behalf in this matter.

-6-

Discovery will be needed on the following subjects:    Employee wage payment practices of the Defendant in the State of New Mexico, basis for affirmative defenses asserted in Defendant's Answer to Plaintiff's Complaint and other related matters.  Plaintiff's job duties.

Maximum of **twenty-five (25)**  interrogatories by each party to any other party.  (Responses due **thirty (30)** days after service).

Maximum of **twenty-five (25)** requests for admission by each party to any other party. (Response due **thirty (30)** days after service).

Maximum of **ten (10)** depositions by Plaintiff and **ten (10)** by Defendant.

Each deposition (other than of the parties or party representatives) limited to maximum of **four (4)** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by **March 31, 2008**

    from Defendant by **April 30, 2008**

Supplementation under Rule 26(e) due from **Plaintiff** by **February 25, 2008.**

Supplementation under Rule 26(e) due from the **Defendant** within thirty (30) days of the date that supplemental information is received.

All discovery commenced in time to be complete by **June 30, 2008**.

## PRETRIAL MOTIONS

**Plaintiff** intends to file:  Motion For Partial or Complete Summary Judgment, Motions In Limine as may be necessary.

**Defendant** intends to file: Motion for Partial or Complete Summary Judgment and Motion in Limine prior to trial if necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **three (3)** days.

   X   This is a non-jury case.

\_\_\_\_\_   This is a jury case.

The parties request a pretrial conference in **July, 2008**.

## SETTLEMENT

The possibility of settlement in this case is considered:   Unknown At This Time

The parties request a settlement conference in **June, 2008**.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)


APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

/s/   JAMES P. LYLE, ESQUIRE
James P. Lyle, Esquire
Attorney for Plaintiff Robert Scott
1116 Second Street, N.W.
Albuquerque, NM 87102
(505) 843-8000  -  Telephone
(505) 843-8043  -  Facsimile
pennname@prodigy.net


/s/   DENIS DENNIS, ESQUIRE
Denis Dennis, Esquire
Attorney for Defendant McGuire Industries, Inc.
P.O. Box 1311
Odessa, Texas   79760-1311
(432) 367-7271  -  Telephone
(432) 363-9121  -  Facsimile
Ddennis@rkmfirm.com